IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

J. MINGO WINTERS,

          Plaintiff,

v.                                       CIVIL ACTION NO.   5:14-cv-09288

THE HARTFORD,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant *Sentinel Insurance Company's Motion to Dismiss* (Document 14), and the *Memorandum of Law in Support* (Document 15), filed on November 11, 2014. To date, the Plaintiff has not filed a response in opposition or otherwise opposed the motion to dismiss. After careful consideration of the complaint and the Defendant's written submissions, the Court finds that the Defendant's motion should be granted.

      **I.**       **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On January 2, 2014, the Plaintiff initiated suit in the Circuit Court of Raleigh County, West Virginia, against The Hartford. The Plaintiff claims that the Defendant failed to honor the terms of an insurance policy issued to him by the Defendant after a fire destroyed his law office. Specifically, the Plaintiff's *Complaint* (Document 1-1 at 6-15) lists four counts: (1) declaratory relief, pursuant to West Virginia Code § 55-13-1, *et seq*.; (2) breach of contract; (3) breach of the

duty of good faith and fair dealing; and (4) violation of the West Virginia Unfair Trade Practices Act, pursuant to West Virginia Code §§ 33-11-3 and 33-11-4.  (*See* Document 1-1 at 10-15.)

On February 11, 2014, the Defendant filed a *Notice of Removal* (Document 1) as well as an *Answer of Sentinel Insurance Company Inappropriately Identified as "The Hartford"* (Document 4).[1]  The Plaintiff did not file a motion to remand or otherwise challenge this Court's jurisdiction. On September 29, 2014, the Defendant filed a *Motion to Compel* (Document 12), which was granted by the Magistrate Judge's *Order* (Document 13) entered on October 23, 2014. Thereafter, on November 11, 2014, the Defendant filed S*entinel Insurance Company's Motion to Dismiss* and the *Memorandum of Law in Support*.  On December 29, 2014, the Defendant filed a *Supplemental Memorandum of Law in Support of Sentinel Insurance Company's Motion to Dismiss* (Document 16).  On January 9, 2015, the Defendant filed a *Motion for Summary Judgment* (Document 17), together with a *Memorandum of Law in Support of Motion for Summary Judgment* (Document 18).  The Plaintiff did not file a responsive pleading or otherwise oppose any of the Defendant's motions.

## I.     APPLICABLE LAW

Rule 16(f) provides that a "court may issue any just orders" if a "party or its attorney" either "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(A) & (1)(B).  "Rule 37(b) provides for sanctions for failure to comply with a court order and states that a court 'may issue further just orders' which 'may include,' *inter alia,* 'dismissing the action or proceeding in whole or in part.' Fed. R. Civ. P.

---

[1]     Apparently, the Plaintiff named the incorrect Defendant when it filed suit in the Circuit Court of Raleigh County.

37(b)(2)(A)(v)." *Kronberg v. LaRouche*, 461 Fed. Appx. 222, 225 (4th Cir. 2012) (unpublished). When determining whether to dismiss a case under Rule 37, courts must consider the following factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (internal citation omitted.)

Similarly, Rule 41(b) of the Federal Rules of Civil Procedure indicates that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Furthermore, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Id.* The factors that courts must consider when determining whether dismissal is appropriate under Rule 41(b) are practically identical to those under Rule 37. *See McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

### III. DISCUSSION

The Defendant argues that dismissal is appropriate because the "Plaintiff has failed to prosecute or participate in this lawsuit in any meaningful way, and has blatantly ignored the Court's order." (Document 15 at 4.) Additionally, "to date, other than filing Rule 26(a)(1) initial disclosures, Plaintiff has not participated in discovery. Plaintiff has not sought affirmative discovery, nor has Plaintiff filed any expert witness disclosures." (*Id.* at 5.) It states that the

3

Plaintiff has acted in bad faith and has worked extreme prejudice on it because the Defendant has no way of knowing how the Plaintiff "intends to prosecute [his] claim." (*Id.*) As to the third factor this Court must consider under Rule 37, the Defendant maintains that "to completely ignore the discovery process clearly sends the wrong message," and thus, deterrence of noncompliance is necessary because this is not an "inadvertent mistake." (*Id.*) For support, the Defendant claims that it tendered "multiple reminders that the discovery responses are due, including Defendant's counsel's correspondence prior to the filing of the Motion to Compel, the Court's Order, and multiple telephone calls and a letter from Defendant's counsel after the deadline imposed by this Court's Order." (*Id.* at 6.) Finally, the Defendant argues that less drastic sanctions would be unlikely to have a significant effect on the Plaintiff in light of his blatant disregard for prior orders of the Court, and therefore, dismissal is appropriate. (*Id.*)

A review of the docket in this case indicates that the Plaintiff has not prosecuted this matter at least since May 2, 2014. That is the last date of activity that can be attributed to the Plaintiff. (*See* Document 9.) Furthermore, the record indicates that the Plaintiff has wholeheartedly refused to abide by the terms of the Magistrate Judge's October 23, 2014 order regarding discovery. (*See* Document 13 at 3) ("Plaintiff shall provide Defendant with responses to Defendant's first set of discovery requests on or before **November 6, 2014**.") (emphasis in original.) No responses were ever tendered by the Plaintiff, despite multiple efforts by the Defendant to elicit discovery.

As a result, the Defendant cannot proceed with discovery, and cannot begin to formulate a defense because it does not know how the Plaintiff intends to prove the allegations contained in his complaint. Therefore, prejudice results to the Defendant. Further, Plaintiff's failure to comply with the Court's order and failure to prosecute the case is indicative of bad faith and cannot be

tolerated by the judicial system. Our civil judicial system largely depends on the discovery process as a tool for litigants. The Court finds the need to deter future noncompliance with Court orders. Thus, dismissal with prejudice is appropriate under either Rule 37 or Rule 41(b) of the Federal Rules of Civil Procedure. Indeed, it appears that these rules were established for scenarios similar to the one at bar.

## CONCLUSION

WHEREFORE, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that *Sentinel Insurance Company's Motion to Dismiss* (Document 14) be GRANTED and that the Plaintiff's *Complaint* (Document 1-1) be **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Defendant's *Motion for Summary Judgment* (Document 17) be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 15, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA